UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ALTON HARDY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:10-cv-00819-PMP-PAL |
| | ) | |
| vs. | ) | **REPORT OF FINDINGS AND RECOMMENDATION** |
| | ) | |
| CLARK COUNTY JUSTICE COURT, | ) | (IFP App - Dkt. #3) |
| | ) | |
| Defendant. | ) | |

Plaintiff Alton Hardy is proceeding in this action *pro se*. He has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* and submitted a Complaint on June 1, 2010. The court reviewed Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #1) and determined it was incomplete. The Application was denied without prejudice, and Plaintiff was permitted thirty days to file another completed Application. Plaintiff complied and submitted a new Application to Proceed *In Forma Pauperis* (Dkt. #3) on June 22, 2010. This proceeding was referred to this court by Local Rule IB 1-9.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review the complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

The Complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

Plaintiff's Complaint alleges that he was ordered by the Clark County Justice Court to complete eight hours of class and sixteen hours of community service. He states he completed the class and the community service, but thereafter, he was arrested and spent three days in the Clark County Detention Center. When he appeared before the court, the court was aware that Plaintiff had completed his

obligations, and Plaintiff was released. He states the warrant was dismissed. Plaintiff's Complaint does not state any claim against any person acting under color of state law, and therefore, it does not state a claim under 42 U.S.C. § 1983.

It appears Plaintiff is attempting to assert that he was arrested without cause. However, he states that a warrant was issued for his arrest. Furthermore, Plaintiff's Complaint names only the Clark County Justice Court as a Defendant. The courthouse itself is an inanimate object that cannot be sued. Plaintiff may be attempting to state a claim against the judge who sentenced him in his underlying case and/or issued the warrant he refers to in his Complaint. However, his claim involves actions taken by the judge in his or her judicial capacity. As a result, the judge is absolutely immune from suit. The United States Supreme Court has repeatedly held that judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982). Judges are absolutely immune from a civil suit for damages under § 1983. *See Imber v. Pachtman*, 424 U.S. 409, 435 (1976). Thus, to the extent Plaintiff is attempting to state a claim against the judge who presided over his criminal case, this claim must be dismissed.

Plaintiff may also be attempting to challenge his conviction in the underlying case. It is well-settled that federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *See, e.g., Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Moreover, the Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination. or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (stating "We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions"). *Heck* is grounded in the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id*. at 484. Plaintiff has not alleged that his conviction was reversed on direct appeal, expunged by executive order, declared invalid, or called into question. Therefore, Plaintiff has not

3

stated a claim upon which relief can be granted, and it will be recommended that his Complaint be dismissed.

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED for failure to state a claim upon which relief can be granted.

Dated this 15th day of July, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within ten (10) days of the date of service of the findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.